**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **ALISHA D.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 18-1567** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

************

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Alisha D. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 13), Defendant's Motion for Summary Judgment (ECF No. 16), and Plaintiff's "Reply Brief" (ECF No. 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.

# I

## Background

On March 13, 2017, Administrative Law Judge ("ALJ") Thomas Mercer Ray held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 35-81. Plaintiff was "represented by Andrew S. Youngman, a non-attorney representative, who was not present at the hearing. However, Susan Smith Webb, another appointed representative and member of the same firm, was present at the hearing." R. at 16. Following the hearing, the ALJ held the record open for an additional two weeks for the submission of additional evidence. R. at 16. On March 29, 2017, Plaintiff submitted a post-hearing memorandum objecting to the VE's testimony. R. at 286-335. On June 16, 2017, the ALJ overruled Plaintiff's objections and found that Plaintiff was not disabled from her alleged onset date of disability of November 3, 2013, through the date of the ALJ's decision. R. at 13-31.

In so finding, the ALJ found that, among other things, Plaintiff had moderate limitation in concentrating, persisting, or maintaining pace. R. at 21.

> [T]he record reveals that [Plaintiff] has been diagnosed with depression and anxiety. [Plaintiff] alleged she experiences panic attacks and has issues with concentration. Yet, the record often shows [Plaintiff] to have a good mental status examination with good judgment and insight. Furthermore, in her function report, [Plaintiff] stated that she is able to prepare meals, can use public transportation, and can go shopping. At the hearing, [Plaintiff] was able to answer questions and follow along without issue. All of these activities requires [sic] some level of concentration. Therefore, the undersigned finds only a moderate limitation in this area.

R. at 21 (record citations omitted).

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except [Plaintiff] can push, pull, lift, and carry 10 pounds occasionally, less than 10 pounds frequently; can stand, walk, or sit for a total of 6 hours in an 8-hour workday; can only occasionally use hand controls; can frequently climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, and crouch; can never crawl; can occasionally use dominant hand and arm for handling, feeling, and fingering; can frequently use non-dominant hand for handling, feeling, and fingering; no exposure to hazards such as moving mechanical parts and unprotected heights; cannot operate a motor vehicle; can frequently understand, remember, and carry out instructions concerning simple tasks; can occasionally understand, remember, and carry out instructions concerning detailed tasks; retains the ability to interact with supervisors and co-workers occasionally, but can never interact with the public; can make simple work related decisions frequently; and can make detailed work related decisions occasionally.

R. at 22.[3]  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as an administrative assistant, merchandise clerk, and sales attendant, Plaintiff could perform other work, such as a surveillance system monitor.  R at 25-26. According to the VE, however, an individual absent from work as few as two days per month on an unscheduled basis could not perform the occupation of surveillance system monitor.  R. at 77. The VE also testified that no unskilled work would be available to an individual who would be productive only 80% of the time in an eight-hour workday.  R. at 78.  The ALJ ultimately found that Plaintiff was not disabled from November 3, 2013, through June 16, 2017.  R. at 27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on May 31, 2018, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. §§ 404.1567(a), 416.967(a).  "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

**II**

**<u>Disability Determinations and Burden of Proof</u>**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

_____

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

5

§§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## <u>Substantial Evidence Standard</u>

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

## Discussion

The ALJ in his decision stated:

       The undersigned notes that [Plaintiff's] representative that attended the hearing did not object to the vocational expert's testimony during the hearing. However, [Plaintiff's] representative who did not attend the hearing submitted a brief following the hearing, objecting to the vocational expert's hearing testimony. The undersigned notes that a sufficient basis for vocational expert testimony can be professional knowledge and experience, as well as reliance on job information available from various government publications or other publications the Social Security Administrative takes notice of (20 CFR 404.1560, 1566). In this case, the vocational expert's professional knowledge and experience is substantial. The undersigned acknowledges the vocational expert has training and qualifications in vocational rehabilitation, and the vocational expert is not a statistician and does not count job numbers for the Bureau of Labor Statistics. However, the vocational expert does not need to be a statistician to provide reliable testimony in this case. The vocational expert testified she on [sic] her professional experience and education. Moreover, the Social Security Administration uses vocational experts because they are qualified to resolve complex vocational issues, such as testifying about the number of jobs available in the national economy from information produced by the Bureau of Labor Statistics. The undersigned relies on Social Security regulations 20 CFR 404.1560(b)(2) and 404.1566(d) and takes administrative notice of this job data. The regulations support a sufficient basis for the vocational expert's professional knowledge and experience, and reliance on job information available from governmental sources for which the Social Security Administration takes administrative notice. [Plaintiff's] objections are hereby OVERRULED. Alternatively, the representative that choose [sic] not to appear and made his objections after the hearing, well, he waived his right to object when he decided he would not appear with his client at hearing. His objections are too late, undermine the hearing process and his objections are independently denied on this basis.

R. at 16-17 (record citations omitted).

       "[A]ny challenge to the VE's testimony other than one asserting a conflict with the [*Dictionary of Occupational Titles*] required objection during the hearing." *David E. v. Saul*, No. 18 C 727, 2019 WL 4034496, at \*10 (N.D. Ill. Aug. 27, 2019) (citing *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016)). Plaintiff contends that the ALJ failed to address directly,

contrary to constitutional and statutory authority, her post-hearing rebuttal evidence regarding the VE's testimony (R. at 286-335), so substantial evidence does not support the ALJ's finding at step five that there are a significant number of jobs in the national economy that she can perform (R. at 26-27). Pl.'s Mem. Supp. Mot. Summ. J. 4-18, ECF No. 13-1. She maintains that, according to the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), the ALJ is obligated to rule on a claimant's objections about a VE's opinions. *Id.* at 7.

HALLEX is "a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members." *Laur v. Astrue*, Civil Action No. TMD 08-112, 2010 WL 481318, at *2 (D. Md. Feb. 4, 2010). "[N]o circuit has held that the HALLEX creates *constitutional* rights because, of course, only the Constitution, not an agency's rules or procedures, is the source of such rights." *Davenport v. Astrue*, 417 F. App'x 544, 547-48 (7th Cir. 2011). "Although the Fourth Circuit has not addressed the issue, 'the persuasive authority among the District Courts holds that HALLEX lacks force of law.' As such, an error in the application of HALLEX guidelines in the present case, if any, provides no basis for remand." *Landrum v. Berryhill*, No. 1:17CV940, 2019 WL 718550, at *7 (M.D.N.C. Feb. 20, 2019) (citations omitted). The Court thus does not review allegations of noncompliance with the manual. *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000); *see Melvin v. Astrue*, 602 F. Supp. 2d 694, 704 (E.D.N.C. 2009).

The Court remands this case, however, because the ALJ's inadequate analysis in assessing Plaintiff's RFC frustrates meaningful review. Social Security Ruling[5] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

---

Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

Here, the ALJ's hypothetical to the VE and corresponding RFC assessment found that Plaintiff could, among other things, frequently understand, remember, and carry out instructions concerning simple tasks, as well as make simple work-related decisions frequently and detailed work-related decisions occasionally. R. at 22, 63. These limitations, however, do not account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. *See Thomas v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017). Because "[t]here is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [Plaintiff's] ability to sustain work throughout an eight-hour workday," the Court is "unable to ascertain from the

ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace." *Miles v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016). The ALJ here "failed to explain whether Plaintiff's moderate limitations in concentration, persistence, and pace affected [her] ability to perform work-related tasks consistently throughout an 8-hour workday." *Keith W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-2391, 2019 WL 3945481, at *3 (D. Md. Aug. 20, 2019). "[T]he ALJ provided no specific analysis regarding his reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace is directly related to the complexity or the routine nature of the tasks [she] is asked to perform." *Antonio M. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-3839, 2019 WL 4162668, at *3 (D. Md. Sept. 3, 2019).

> The Court cannot classify the error as harmless because the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of [Plaintiff's] limitations, the Court cannot find that the RFC provides an accurate description of the work that [she] is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how [Plaintiff's] limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties.

*Lawson v. Berryhill*, Civil No. TJS-17-0486, 2018 WL 1135641, at *5 (D. Md. Mar. 1, 2018).

The ALJ's decision also fails to explain how, despite Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, she could be productive more than 80% of the time in an eight-hour workday (R. at 78). *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*, 200 F. Supp. 3d at 602 (remanding because ALJ's decision failed to explain how, despite claimant's moderate

difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work).

> Notably, it appears the ALJ disregarded testimony from the VE about a person with limitations in concentration, persistence, and pace. The ALJ asked two additional hypothetical questions to the VE about an individual who would either be off task 20% of the workday [i.e., productive only 80% of the workday] or would have two unscheduled absences per month—seemingly having in mind someone with "moderate difficulties with concentration, persistence, and pace." The VE responded that neither individual could sustain employment. But these responses are not reflected in the ALJ's decision. Because the ALJ did not include [Plaintiff's] difficulties with concentration, persistence, and pace in the hypothetical he *did* consider, the decision cannot stand.

*Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019).

In short, the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the ALJ did not properly evaluate Plaintiff's limitations in concentrating, persisting, or maintaining pace, the Court need not address whether substantial evidence supports the Commissioner's finding that a significant number of jobs exists in the national economy that she can perform. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam). The Court notes, however, that "[a] mistaken determination of an individual's RFC will affect the later considerations about whether that claimant is able to perform certain types of work." *Fears v. Berryhill*, No. 6:16-CV-00055, 2018 WL 1547365, at *1 (W.D. Va. Mar. 29, 2018) (citing *Mascio*, 780 F.3d at 636). On remand, the ALJ can "advise any vocational expert relied upon of any additional limitations in Plaintiff's RFC that are determined on remand and seek any vocational expert testimony necessary to determine the impact of any such limitations on the

occupational base for such a person." *David E.*, 2019 WL 4034496, at *10. "In the event such expert testimony is solicited, Plaintiff will have another opportunity to probe the reliability of the job numbers provided and lodge any proper objections at that time." *Id.* (citing *Brown*, 845 F.3d at 254 & n.1 (stating that, although the claimant "forfeited her argument regarding the vocational expert's testimony about the number of positions for each of the six jobs by failing to object during the hearing," "if another administrative hearing occurs, [the claimant] may be able to test the vocational expert's reliance on her sources at that time")).

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 24, 2019                    _____/s/_____

                                     Thomas M. DiGirolamo
                                     United States Magistrate Judge